IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

---

STEVEN LEE BATCHELDER,

      Petitioner,

vs.

                                        Case No. 4:07cv330-SPM-AK

ALBERTO GONZALEZ, Attorney General,
United States of America, and
CONDOLEEZZA RICE, Secretary of State,
United States of America,

      Respondents.

---

## PETITIONER'S UNOPPOSED MOTION TO STAY ORDER OF CERTIFICATION (EXTRADITION)

The Petitioner, STEVEN LEE BATCHELDER, by and through undersigned counsel, moves the Court to stay the Order of Certification to the Secretary of State (hereinafter "Order of Certification") filed in case number 4:06mj136-WCS and alleges:

1.     In case number 4:06mj136-WCS, the Government sought to extradite the Petitioner to Canada pursuant to 18 U.S.C. § 3184 and the Treaty on Extradition Between the United States of America and Canada.  The Petitioner is charged with three offenses under Canadian law: (1) abduction of a person under 14; (2) unlawful confinement; and (3)

invitation to sexual touching.

2.      A hearing was held on the Government's extradition request on June 21, 2007.

3.      On June 25, 2007, the Honorable William C. Sherrill, Jr., issued an Order of Certification, wherein Judge Sherrill concluded that the Government presented sufficient evidence to sustain the three Canadian charges against the Petitioner such that a warrant may issue upon the requisition of the proper authorities of Canada for the surrender of the Petitioner according to the stipulations of the Treaty on Extradition Between the United States of America and Canada.  (Doc 42 of case number 4:06mj136-WCS).

4.      At the conclusion of the order, Judge Sherrill *denied* the Petitioner's request for a stay in order to allow the Petitioner to file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  (Doc 42 - Pg 14 of case number 4:06mj136-WCS).

5.      The Petitioner subsequently filed a habeas petition in the instant case.  (Doc 1).  On August 3, 2007, the Court directed the Government to file a response to the habeas petition.  (Doc 8).

6.      The Petitioner respectfully requests the Court to grant a stay of the Order of Certification pending the outcome of the instant habeas proceeding.[1]

---

[1] Prior to filing the habeas petition in the instant case, the Petitioner sought a stay of the Order of Certification (in order to allow the Petitioner to file the habeas petition).  (Doc 43 of case number 4:06mj136-WCS).  On August 6, 2007, the Honorable Robert L. Hinkle denied the request for a stay without prejudice to the Petitioner's right to re-file the motion in the instant case.  (Doc 45 of case number 4:06mj136-WCS).

7.     The authority of the Court to grant habeas relief from extradition orders is well-settled. *See Yapp v. Reno*, 26 F.3d 1562, 1565 (11th Cir. 1994) (setting forth standards for habeas corpus review of magistrate judge's certification of extradibility); *Shapiro v. Ferrandina*, 478 F.2d 894, 914 (2d Cir. 1973) (stating that habeas judge can "release the [extradition] petitioner if he finds there is no legal ground for holding him").

8.     Stays of extradition orders are commonly entered. *See Lopez-Smith v. Hood*, 121 F.3d 1322, 1327 (9th Cir. 1997) (noting that the circuit court of appeals granted a stay of extradition pending resolution of the habeas process).

9.     In fact, the overwhelming majority of courts that have considered the issue agree that it is proper to enter a stay and afford a petitioner an opportunity to seek review of an extradition order via habeas proceedings. *See In the Matter of the Extradition of Atuar*, 300 F. Supp. 2d 418, 435-36 (S.D. W. Va. 2003) ("At the extradition hearing, Relator requested a stay of any Certification which the Court might issue in order that he may file a petition for writ of habeas corpus. *The Court was disinclined to grant Relator's request but has found that such requests have been granted in other cases*. The Court will therefore grant Relator's request for a stay of the Certification. The Certification will be stayed on the condition that Relator file a petition for writ of habeas corpus within thirty days from the date of its entry.") (emphasis added); *In the Matter of the Extradition of Sandhu*, No. 90 CR. MISC. 1(JCF), 1997 WL 277394, *10 (S.D.N.Y. 1997) ("Removal of the respondents shall be stayed for thirty days to permit them to file any application for a writ of habeas corpus."); *United States v. Spatola*, No. 89-643-M, 1989 WL 126771, *8 (E.D.N.Y. 1989) ("The

defendant's application for a stay of his extradition is granted for 30 days pending an application for a writ of habeas corpus to the district court."); *In the Matter of the Extradition of Atta*, 706 F. Supp. 1032, 1052 (E.D.N.Y. 1989) ("The certification is stayed on the condition that Ahmad file a petition for a writ of habeas corpus within thirty days from the date of this order.").

10.     If a stay is not ordered and the Petitioner is extradited, habeas relief will be illusory.  The only way to allow meaningful review of the Order of Certification is to grant a stay.

11.     The Government and Canada will suffer no significant prejudice from a stay as the Petitioner will remain incarcerated pending the outcome of his habeas petition.

12.     *Certificate of Counsel*.  Opposing counsel, Assistant United States Attorney Robert O. Davis, does not object to the Petitioner's request for a stay.  (Doc 6).

WHEREFORE, for the reasons set forth above, the Petitioner respectfully moves the Court to grant (as soon as practicable) a stay of the Order of Certification pending the outcome of the instant habeas proceeding.  All other appropriate relief is hereby requested.

Respectfully submitted,

/s/ MICHAEL UFFERMAN
MICHAEL UFFERMAN
Michael Ufferman Law Firm, P.A.
2022-1 Raymond Diehl Road
Tallahassee, Florida 32308
(850) 386-2345/fax (850) 224-2340
FL Bar No. 114227
ufferman@uffermanlaw.com

Counsel for Petitioner **BATCHELDER**

Page 4 of  5

## CERTIFICATE OF SERVICE

Undersigned counsel hereby certifies that on August 7, 2007, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification to:

> Assistant United States Attorney Robert O. Davis
> 111 North Adams Street, Suite 400
> Tallahassee, Florida 32301.

> /s/ MICHAEL UFFERMAN
> MICHAEL UFFERMAN
> Michael Ufferman Law Firm, P.A.
> 2022-1 Raymond Diehl Road
> Tallahassee, Florida 32308
> (850) 386-2345/fax (850) 224-2340
> FL Bar No. 114227
> ufferman@uffermanlaw.com

> Counsel for Petitioner **BATCHELDER**

xc:    Steven Lee Batchelder