IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

| | |
|---|---|
| STEVEN LEE BATCHELDER,<br><br>  Petitioner,<br><br>vs.<br><br>ALBERTO GONZALEZ, Attorney General,<br>United States of America,[1] and<br>CONDOLEEZZA RICE, Secretary of State,<br>United States of America,<br><br>  Respondents. | Case No. 4:07cv330 SPM/AK |

**REPLY TO GOVERNMENT'S RESPONSE TO PETITION FOR WRIT OF HABEAS CORPUS**

STEVEN LEE BATCHELDER, by and through undersigned counsel, replies to the "Government's Response to Petition for Writ of Habeas Corpus"[2] (hereinafter "Response") and alleges:

  **1.  The Government failed to establish dual criminality and/or probable**

---

[1] The Petitioner notes that Mr. Gonzales recently resigned from his position of Attorney General. Peter D. Keisler is currently the Acting Attorney General.

[2] Doc. 14.

**cause for the invitation to sexual touching alleged offense.**

In its Response, the Government lists ten factors that allegedly demonstrate that the Petitioner committed the purported invitation to sexual touching offense:

> 1) Petitioner asked Naomie Kumbu, a child age 12 years old, if she needed a ride to school; 2) Petitioner lied to the child after she declined to get into the vehicle; 3) after she got in the car, Petitioner, after having spoken to the child for only a few minutes, told the child she said she smelled really nice and asked for a kiss on the cheek; 4) in spite of stating an intention to drive the child to school, the child noticed that Petitioner was not driving toward school and commented on this; 5) Petitioner then accelerated the motor vehicle and said: "I'll take you wherever I want"; 6) the child saw that the vehicle was on a dead end road and tried to open the door but it was locked; 7) Petitioner then grabbed the child's wrist and "held on very tight"; 8) the child was so panicked, she opened the door with her right hand and jumped from the moving vehicle to the pavement; 9) adding proof to the child's claims, the child was treated at a hospital for scrapes to her arms and inside her wrists consistent with striking a roadway "at some speed"; and 10) Petitioner was born on January 1, 1983, and was then 23 years old.

Response at 15 (citations omitted). As explained in the Petition and the Memorandum of Law in support of the Petition, while these facts may amount to probable cause to believe that the Petitioner was engaged in some other crime (i.e., kidnapping), the facts do not establish probable cause that the Petitioner attempted to engage in activity involving "sexual contact" (as that term is defined under federal law). *See* 18 U.S.C. § 2246(3). The Magistrate's conclusion that the Petitioner "intended to engage in more than kissing and hugging with the child" is based on *mere speculation*. "The probable cause standard cannot be satisfied by relying upon suspicion, reasonable or not, or mere speculation." *United States v. $242,484.00*, 389 F.3d 1149, 1178-79 (11th Cir. 2004).

    **2.**    **Double jeopardy violation in regards to the dual criminality requirement**

**of the first two crimes for which the Government sought extradition (abduction of a person under fourteen years of age and unlawful confinement).**

The Petitioner continues to rely upon the arguments contained in the Petition and the Memorandum of Law in support of the Petition in support of this claim.

**3.     The Magistrate Judge applied an improper probable cause standard at the extradition hearing.**

In its Response, the Government alleges that "[i]n interpreting Article 10, the Eleventh Circuit has concluded that the federal probable cause standard used in preliminary proceedings should apply." Response at 12. In support of this assertion, the Government cites to a district court decision from the Southern District of Florida and a magistrate decision from the Middle District of Florida. *See United States v. Cardoso*, 2005 WL 1228826 (M.D. Fla. 2005); *Castro Bobadilla v. Reno*, 826 F. Supp 1428, 1433 (S.D. Fla. 1993). However, it does not appear that the Eleventh Circuit Court of Appeals has directly addressed this issue.[3] The Petitioner continues to rely upon *In the Matter of the Extradition of Schweidenback*, 3 F. Supp. 2d 113, 115 (D. Mass. 1998), and *In the Matter of the Extradition of Williams*, 496 F. Supp. 16, 17 (S.D.N.Y. 1979), in support of his argument that Florida's standard of probable cause applied to the extradition proceedings in the Petitioner's case.

WHEREFORE, for the reasons set forth above and contained in the Petition and the Memorandum of Law in support of the Petition, the Petitioner respectfully requests the Court

---

[3] The Eleventh Circuit affirmed *Castro* without discussion. *See Castro-Bobadilla v. Reno*, 28 F.3d 116 (11th Cir. 1994).

to grant his petition.  All appropriate relief is hereby requested.

                              Respectfully submitted,

                              _____
                              MICHAEL UFFERMAN
                              Michael Ufferman Law Firm, P.A.
                              2022-1 Raymond Diehl Road
                              Tallahassee, Florida 32308
                              (850) 386-2345/fax (850) 224-2340
                              FL Bar No. 114227
                              ufferman@uffermanlaw.com

                              Counsel for Mr. **BATCHELDER**

## CERTIFICATE OF SERVICE

Undersigned counsel hereby certifies that on October 9, 2007, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification to:

    Assistant United States Attorney E. Bryan Wilson
    111 North Adams Street, Suite 400
    Tallahassee, Florida 32301

 

MICHAEL UFFERMAN
Michael Ufferman Law Firm, P.A.
2022-1 Raymond Diehl Road
Tallahassee, Florida 32308
(850) 386-2345/fax (850) 224-2340
FL Bar No. 114227
ufferman@uffermanlaw.com

Counsel for Mr. **BATCHELDER**

xc:    Steven Lee Batchelder