IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


STEVEN LEE BATCHELDER,

    Petitioner,

v.                                                            CASE NO. 4:07-cv-00330-SPM-AK

ALBERTO GONZALEZ,
CONDOLEEZZA RICE,

    Respondents.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Doc. 1, Petition for Writ of Habeas Corpus, and Doc. 2, supporting memorandum, filed by Steven Lee Batchelder.  Petitioner has paid the filing fee, and he is represented by counsel.  This cause was reassigned to the undersigned following recusal by the magistrate judge who ordered Petitioner's extradition in the first instance.  Doc. 4; *see also United States v. Batchelder*, Cause No. 4:06mj136-WCS (N.D. Fla) (*Batchelder I*).  Respondents have filed their response, Doc. 14, and Petitioner has filed a reply.  Doc. 15.  The Order of Certification directing Petitioner's extradition is stayed pending further order of the Court.  Doc. 12.  This cause is therefore in a posture for decision.  Having carefully considered the matter, the Court recommends that habeas relief be denied and that the stay of the Order of Certification be lifted.

**BACKGROUND**

On August 23, 2006, the United States Government filed a criminal complaint for the provisional arrest of the petitioner, Steven Lee Batchelder, "with a view towards extradition." *Batchelder I*, Doc. 1.  According to the supporting affidavit, the Government of Canada had requested Petitioner's arrest after he was charged in Niagara, Ontario, Canada, with (1) one count of abduction of a person under the age of 14, (2) one count of forcible confinement, and (3) one count of invitation to sexual touching.  *Id*. at Doc. 2.  On February 21, 2007, Canada formally requested Petitioner's extradition.  *Id*. at Doc. 15.

Thereafter, United States Magistrate Judge William C. Sherrill, Jr., conducted a final hearing on the extradition request.  *Id*. at Doc. 41.  In an Order of Certification to the Secretary of State, Magistrate Judge Sherrill concluded:

> Pursuant to 18 U.S.C. § 3184, I hereby certify to the Secretary of State that there is sufficient evidence to sustain the three Canadian charges against Defendant, Steven Lee Batchelder, such that a warrant may issue upon the requisition of the proper authorities of Canada for the surrender of Steven Lee Batchelder according to the stipulations of the Treaty on Extradition Between the United States of America and Canada.

*Id*. at Doc. 42, 13-14.

In reaching that conclusion, Magistrate Judge Sherrill first found that federal law governed both the question of "dual criminality" and the standard for probable cause.  *Id*. at 5-6. As to the question of "dual criminality," Magistrate Judge Sherrill then determined that abduction of a person under the age of 14 and forcible confinement under Canadian law "are sufficiently similar to the federal offense of kidnapping proscribed by 18 U.S.C. § 1201 to satisfy the dual criminality requirement of the Treaty."  *Id*. at 7.  As to the third charge, invitation to

sexual touching, Magistrate Judge Sherrill concluded that there was "competent evidence that Defendant intended to engage in more than kissing and hugging with the child, and took several substantial steps toward the commission of the offense of abusive sexual contact." *Id*. at 9; *see also* 18 U.S.C. § § 2243 & 2244 (prohibiting attempted sexual contact with person between ages of 12 and 16). Thus, "the actions of Defendant described in the affidavit of Christopher Lemaich are sufficient to satisfy the dual criminality provision of the Treaty with respect to the third Canadian offense, as an attempted violation of 18 U.S.C. § 2244." *Batchelder I*, Doc. 42 at 10.

Magistrate Judge Sherrill also rejected Petitioner's argument that he was being "subjected to double jeopardy forbidden by the United States Constitution because the Government relies upon the same federal statute to show that [the] first two Canadian offenses would be crimes if committed in this country," concluding that double jeopardy "has no role at all in an extradition proceeding." *Id*. He also declined to recommend to the Secretary of State "that [Petitioner] not be extradited to stand trial for the first two Canadian offenses," or that the Secretary "recommend to Canada that, should Defendant be found guilty of the Canadian offenses and sentenced to prison, he be given credit for the last year he has spent in custody," Petitioner having failed to show good cause for such recommendations. *Id*. at 11-12.

Finally, Magistrate Sherrill found that the "evidence is sufficient to show probable cause to believe that Defendant committed the three Canadian offenses." *Id*. at 12. More specifically, he concluded:

> There is probable cause to believe that Defendant detained this child, under the age of 14 years, with intent to deprive the parent or guardian of the possession of that person (charge one), forcibly confined the child without lawful authority (charge two), and invited the child "to touch, directly or indirectly, with a part of the body..., the body of any person, including the body of the person who so

invites...and the body of the person under the age of fourteen years."

*Id*.

The instant petition pursuant to 28 U.S.C. § 2241 ensued. On this occasion, Petitioner claims that the magistrate judge "erred by extraditing him on some/all of the offenses alleged by the Government of Canada." Doc. 1 at 4. More specifically, he argues (1) that the Government "failed to establish dual criminality and/or probable cause for the invitation to sexual touching alleged offense," (2) that there is a double jeopardy violation "in regards to the dual criminality requirement of the first two crimes for which the Government sought extradition," and (3) that the magistrate judge "applied an improper probable cause standard at the extradition hearing." Doc. 2 at 3, 8, & 10. Each will be considered in turn.

**DISCUSSION**

When a court certifies that a fugitive should be extradited, its decision can be challenged only through a petition for a writ of habeas corpus since there is no direct appeal in extradition proceedings. *Afanasjev v. Hurlburt*, 418 F.3d 1159, 1163 (11th Cir. 2005). "[E]xtradition is an executive function and habeas corpus review of a magistrate judge's certification of extraditability is limited to deciding 'whether the magistrate had jurisdiction, whether the offense charged is within the treaty and, by a somewhat liberal extension, whether there was any evidence warranting the finding that there was reasonable ground to believe the accused guilty.'" *Yappa v. Reno*, 26 F.3d 1562, 1565 (11th Cir. 1994) (citations omitted). Thus, this Court's review of Magistrate Judge Sherrill's issuance of the certificate of extraditability is quite narrow and is not a means for rehearing his findings. *Kastnerova v. United States*, 365 F.3d 980, 984

(11th Cir. 2004); *Escobedo v. United States*, 623 F.2d 1098, 1101 (5th Cir. 1980).[1]  There is no dispute regarding Magistrate Judge Sherrill's jurisdiction to issue the extradition certificate.

      1.      Dual criminality and/or probable cause for invitation to sexual touching.

Pursuant to the treaty between the United States and Canada, the conduct at issue must be an offense punishable by the laws of both countries.  Extradition Treaty, Dec. 3, 1971, U.S.-Can., art. 2(1).  The offense is extraditable even if "conduct such as interstate transportation or use of the mails or of other facilities affecting interstate or foreign commerce, required for the purpose of establishing jurisdiction, forms part of the offense in the United States...."  *Id*. at art. 2(2)(i); *see also Batchelder I*, Doc. 42, Ex. 2.  The label applied to the conduct is not determinative:

> The law does not require that the name by which the crime is described in the two countries shall be the same; nor that the scope of the liability shall be coextensive, or, in other respects, the same in the two countries.  It is enough if the particular act charged is criminal in both jurisdictions.

*Collins v. Loisel*, 259 U.S. 309, 312 (1922).

Under Canadian law, an invitation to sexual touching occurs when, "for a sexual purpose," the accused "invites, counsels or incites a person under the age of fourteen years to touch, directly or indirectly, with a part of the body or with an object, the body of any person, including the body of the person who so invites, counsels or incites and the body of the person under the age of fourteen years...."  Doc. 42, Ex. 3 at 38.  Under United States law, it is illegal to knowingly persuade, induce, entice, or coerce "any individual who has not attained the age of 18

---

[1] The Eleventh Circuit has adopted as binding precedent all decisions of the former Fifth Circuit which were handed down before the close of business on September 30, 1981.  *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

years, to engage in...any sexual activity for which any person can be charged with a criminal offense, or attempts to do so...."[2] 18 U.S.C. § 2422(b). As to the "sexual activity for which any person can be charged with a criminal offense," the Court examines state law to determine whether, "if the sexual activity had occurred, the Defendant could have been charged with a criminal offense...." Offense Instructions 80, *Eleventh Circuit Pattern Jury Instructions–Criminal* (2003).

In the context of many of the federal child sexual exploitation statutes, mere kissing on the cheek would not be "sexual contact." See 18 U.S.C. § 2246(3) (sexual contact means intentional touching of genitalia, anus, groin, breast, inner thigh or buttocks with intent to arouse or gratify sexual desire). "Sexual contact" is not, however, required under § 2422(b). Instead, to violate the coercion and enticement statute, a defendant need merely attempt to persuade, induce, entice, or coerce a minor to engage in unlawful sexual activity. *United States v. Murrell*, 368 F.3d 1283, 1286 (11th Cir. 2004).

Under Florida law, it is "lewd or lascivious conduct," a second degree felony, to solicit a person under the age of sixteen "to commit a lewd or lascivious act." Fla. Stat. Ann. § 800.04(6)(a)2 & (b). An attempt to commit lewd or lascivious conduct is plainly recognized in Florida. *See* Fla. Stat. Ann. § 777.04(4)(d) (if offense attempted is felony of second degree, offense of attempt is felony of third degree). Neither "lewd" nor "lascivious" is defined in the statute. However, the Florida courts have "provided useful guidance regarding whether conduct

---

[2] The Court has omitted the portion of the statute requiring the use of the mail or other interstate "facility or means," as an offense is extraditable even if the use of the mails or of other facilities affecting interstate or foreign commerce forms part of the offense in the United States. *See* Treaty at art. 2(2)(i).

is lewd or lascivious," *Method v. State*, 920 So2d 141, 143 (Fla. Dist. Ct. App. 2006), and have variously found that the terms "lewd" and "lascivious" (1) "'connote wicked, lustful, unchaste, licentious, or sensual design on the part of the perpetrator'" and (2) "'unlawful indulgence of lust, eager for sexual indulgence.'" *Id*. (citations omitted).  It is generally "'up to a jury to decide, based upon the totality of the circumstances, whether or not [the defendant's] behavior violated the statute.'" *Id*. (citation omitted).  In *Method*, the defendant was charged with rubbing, underneath her clothing, the back of a child to whom he was not related.  *Id*. at 144. The court concluded that it could not say as a matter of law that this conduct "could never be lewd or lascivious," *id*., as "conduct which in some circumstances might be purely innocent...can be found to be lewd or lascivious if accompanied by the requisite improper intent."  *Egal v. State*, 469 So.2d 196, 198 (Fla. Dist. Ct. App. 1985).

    In this Court's view, the conduct with which Petitioner is charged in Canada is sufficient to sustain a federal charge of coercion and enticement.  Petitioner allegedly asked the 12-year-old victim if she needed a ride to school.  The child did not know Petitioner, and when she declined, he told her he was "John's friend," and she acquiesced.  After she got in the car, Petitioner allegedly told her she "smelled really nice" and "asked her for a kiss on the cheek." When the child told Petitioner that he was not driving in the direction of her school, Petitioner accelerated the car, stating "'I'll take you wherever I want.'"  The child noticed that the car was on a dead end road, became fearful, and attempted to open the passenger's side door, which was locked.  Petitioner then allegedly grabbed the child's left wrist and "held on very tight."  The child nevertheless was able to unlock the door with her free hand and open it.  She then jumped from the moving vehicle onto the pavement, sustaining various noticeable injuries.  Doc. 42, Ex.

3 at 9-10.

This chain of events establishes reasonable ground to believe that Petitioner attempted to persuade, induce, entice, or coerce the child to engage in sexual activity, namely, he solicited or attempted to solicit her to commit a lewd or lascivious act.  While the solicitation of a kiss on the cheek might under other circumstances be quite innocent, in this Court's view, under the facts set forth in the extradition papers, Petitioner could have been charged with lewd and lascivious conduct in Florida, and thus, the elements of a violation of § 2422(b) are met, and dual criminality under the Treaty is established.  The question is not whether he actually could be convicted of any crime whatsoever in the United States if the acts had occurred in this jurisdiction, but rather, whether there is probable cause, i.e., reasonable ground to believe, that he is guilty of the federal crime.  The Court has no hesitation in reaching that conclusion.

Accordingly, the Court finds that the "'offense charged is within the treaty" and that there is evidence "'warranting the finding that there was reasonable ground to believe the accused guilty.'" *Yappa*, 26 F.3d at 1565.

  2.  Violation of double jeopardy.

In this claim, Petitioner alleges that because the Government "relied upon the same federal [kidnapping] statute to satisfy the dual criminality requirement" to support extradition on the abduction and confinement charges, he will be subjected to double jeopardy in Canada, and thus, he "can be extradited on one or the other alleged charges, but not both," and "it is appropriate to recommend to the Secretary of State that extradition in this case be limited with the assurance that the Petitioner will be prosecuted and punished for one of the two alleged offenses, but not both."  Doc. 2 at 8-9.

Petitioner cites *In re Extradition of Singh*, 123 F.R.D. 127 (D.N.J. 1987), and *Demjanjuk v. Petrovsky*, 776 F.2d 571 (6th Cir. 1985), as authority for his position.  However, neither of these cases supports his claim.  In *Singh*, the court denied the defendants' request to "offer evidence that they will be denied a fair trial should they be extradited, or that they face 'torture and/or murder upon their return to India,'" reasoning that the Government of India "may not be put on trial in this extradition proceeding."  *Singh*, 123 F.R.D. at 140.  In *Demjanjuk*, the court declined to attach conditions to the order of extradition, as that was a matter "within the discretion of the Secretary of State, not the courts."  *Demjanjuk*, 776 F.2d at 584.[3]

In this Court's view, Petitioner's double jeopardy argument is foreclosed by *Neely v. Henkel*, 180 U.S. 109 (1901).  In *Neely*, the petitioner contended that the extradition act in question was unconstitutional and void "in that it does not secure to the accused, when surrendered to a foreign country for trial in its tribunals, all of the rights, privileges, and immunities that are guaranteed by the Constitution to persons charged with the commission in this country of crime against the United States."  *Id*. at 122.  The Court rejected that argument, concluding that the provisions of the United States Constitution "have no relation to crimes committed without the jurisdiction of the United States against the laws of a foreign country."  *Id*.  In reaching that conclusion, the Court stated:

> [American] citizenship does not give [the petitioner] an immunity to commit
> crime in other countries, nor entitle him to demand, of right, a trial in any other
> mode than that allowed to its own people by the country whose laws he has

---

[3]*Demjanjuk* was later vacated "on the ground that the judgments [of the district and appellate courts regarding extradition to Israel] were wrongly procured as a result of prosecutorial misconduct that constituted fraud on the court."  *Demjanjuk v. Petrovsky*, 10 F.3d 338, 356 (6th Cir. 1993).

> violated and from whose justice he has fled.  When an American citizen commits
> a crime in a foreign country, he cannot complain if required to submit to such
> modes of trial and to such punishment as the laws of that country may prescribe
> for its own people....

*Id*. at 123; *see also Plaster v. United States*, 720 F.2d 340, 349 n.9 (4th Cir. 1983) (petitioner cannot block extradition "simply because the other country's judicial procedures do not comport with the requirements of our constitution.  Instead, he must claim that the conduct of *our* government is violating his constitutional rights") (citing *Neely*) (emphasis in original).

Though *Neely* did not specifically address the double jeopardy argument now before this Court, its teachings clearly mandate a finding that Petitioner's argument in this regard is meritless.

    3.    Probable cause standard.

In this claim, Petitioner argues that the Court should apply the probable cause standard applicable in Florida state courts, not the federal standard as utilized by Magistrate Judge Sherrill.  Doc. 2 at 12.  According to Petitioner, under Florida state law, the Government "could not meet its 'probable cause' burden...based on hearsay evidence alone," but instead would have been required to bring the witnesses from Canada to be "examined in the presence of the defendant" and to be subject to cross-examination.  *Id*.

Hearsay is plainly permitted in extradition proceedings.  *Escobedo*, 623 F.2d at 1102 n.10.  Furthermore, the probable cause standard is whether there is reasonable ground to believe the accused guilty of the charges lodged against him.  *Id*. at 1102.  Any arguments to the contrary are therefore patently foreclosed by the law of this circuit.

## CONCLUSION

In light of the foregoing, it is respectfully **RECOMMENDED**:

That the petition for writ of habeas corpus, Doc. 1, be **DENIED**;

That the stay previously entered as to the Order of Certification in *United States v. Batchelder*, Cause No. 4:06mj136-WCS (N.D. Fla), Doc. 12, be **LIFTED**.

**IN CHAMBERS** at Gainesville, Florida, this *19th* day of October, 2007.

*s/ A. KORNBLUM*
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.