IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

| | |
|---|---|
| STEVEN LEE BATCHELDER,<br><br>    Petitioner,<br><br>vs.<br><br>ALBERTO GONZALEZ, Attorney General,<br>United States of America, and<br>CONDOLEEZZA RICE, Secretary of State,<br>United States of America,<br><br>    Respondents. | Case No. 4:07cv330 SPM/AK |

**OBJECTIONS TO REPORT AND RECOMMENDATION**

MICHAEL UFFERMAN
Michael Ufferman Law Firm, P.A.
2022-1 Raymond Diehl Road
Tallahassee, Florida 32308
(850) 386-2345/fax (850) 224-2340
FL Bar No. 114227
ufferman@uffermanlaw.com

Counsel for Mr. **BATCHELDER**

The Petitioner, STEVEN LEE BATCHELDER, by and through undersigned counsel, hereby raises the following objections to the Report and Recommendation issued by the Honorable Allan Kornblum, Magistrate Judge, on October 19, 2007 (*Batchelder 2* Doc 16),[1] and alleges:

A.   STATEMENT OF THE FACTS.

The Canadian Government has charged the Petitioner with three offenses: (1) abduction of a person under fourteen,[2] (2) unlawful confinement,[3] and (3) invitation to sexual touching.[4] The offenses allegedly occurred on June 21, 2006, in Fort Erie, Ontario, Canada. The facts of the alleged offenses, as set forth in the affidavit in support of the complaint, are as follows:

> On June 21, 2006, United States citizen Steven Lee BATCHELDER approached eleven year old Naomi Kumbu as she waited at a school bus stop in Fort Erie, Ontario, Canada. According to Naomi Kumbu, Steven Lee BATCHELDER drove his car to the corner of Waterloo Street and Murray Street, where she was waiting for her bus, and asked her if she needed a ride to school. After she declined, Steven Lee BATCHELDER told her that he was a friend of "John," who Naomi Kumbu knew to be John Makolo, another student at her school. Naomi Kumbu then agreed to enter Steven Lee BATCHELDER's vehicle. According to Naomi Kumbu, after she entered the defendant's vehicle, the defendant told her that she "smelled nice," and asked "Do you mind kissing me on the cheek?" Naomi Kumbu then gave the

---

[1] References to the documents filed in case number 4:06mj136-WCS will be made by the designation "*Batchelder 1*" followed by the appropriate document number. References to the documents filed in the instant case will be made by the designation "*Batchelder 2*" followed by the appropriate document number.

[2] *See* § 281, Criminal Code of Canada.

[3] *See* § 279(2), Criminal Code of Canada.

[4] *See* §152, Criminal Code of Canada.

> defendant directions to her school, but the defendant refused to drive in the direction of the school but, rather, drove toward a dead-end street. Naomi Kumbu stated that, at this time, she became extremely fearful for her safety. The defendant then told Naomi Kumbu, "I am gonna take you anywhere I want to go." Naomi Kumbu then attempted to exit the moving vehicle, but the defendant grabbed her arm firmly. Ultimately, Naomi Kumbu was able to unlock the vehicle's door, escape from the grasp of the defendant, and jump out of the moving vehicle. At that time, the defendant fled the area in his vehicle at a high rate of speed.

(*Batchelder 1*, Doc 2 - Pgs 1-2).

### B.    ARGUMENT AND CITATIONS TO AUTHORITY.

**1.    The Government failed to establish dual criminality and/or probable cause for the invitation to sexual touching alleged offense.**

Magistrate Judge Kornblum acknowledged that "[i]n the context of many of the federal child sexual exploitation statutes, mere kissing on the cheek would not be 'sexual contact.'" (*Batchelder 2* Doc 16 - Pg 6). Yet Magistrate Judge Kornblum concluded that the Petitioner's actions "establish[] reasonable ground[s] to believe that Petitioner attempted to persuade, induce, entice, or coerce the child to engage in sexual activity, namely, he solicited or attempted to solicit her to commit a lewd or lascivious act." (*Batchelder 2* Doc 16 - Pg 8) (citing *United States v. Murrell*, 368 F.3d 1283, 1286 (11th Cir. 2004)). In support of this argument, Magistrate Judge Kornblum relied upon *Method v. State*, 920 So. 2d 141 (Fla. 4th DCA 2006). In *Method*, the Florida Fourth District Court of Appeal held that rubbing a child's back *underneath her clothing* could, in some circumstances, amount to lewd or lascivious behavior. *See Method*, 920 So. 2d at 144. The Petitioner submits that rubbing a child's back *underneath her clothing* is far different from simply requesting a child to give a kiss on the cheek. *See Hanover v. Sheridan*, No. C-3-96-122, 1999 WL 33117272 at *7

(S.D. Ohio Sept. 21, 1999) (granting summary judgment in a sexual harassment claim based on a kiss on the cheek and stating "[i]f the Supreme Court's admonition that an isolated incident (other than one extremely serious) does not constitute sexual harassment is to have any meaning, then the kiss on the cheek incident cannot have constituted sexual harassment"). The Petitioner submits that the act of requesting a child to give a kiss on the cheek can *never* amount to lewd or lascivious behavior (as a matter of law).

The Petitioner submits that the Government failed to establish that there is probable cause to believe that the Petitioner committed the purported invitation to sexual touching offense in light of the innocuous factual allegations regarding this claimed offense. Simply requesting another person to provide a kiss on the cheek is not probable cause of a crime (in either the United States or Canada). S*peculation* as to actions that the Petitioner *might have taken in the future* is insufficient to satisfy the probable cause standard – the focus is limited to the Petitioner's actual conduct. "The probable cause standard cannot be satisfied by relying upon suspicion, reasonable or not, or mere speculation." *United States v. $242,484.00*, 389 F.3d 1149, 1178-79 (11th Cir. 2004). Accordingly, the dual criminality requirement has not been met for the invitation to sexual touching alleged offense and/or there is no probable cause to believe that this offense was committed.

**2.     Double jeopardy violation in regards to the dual criminality requirement of the first two crimes for which the Government sought extradition (abduction of a person under fourteen years of age and unlawful confinement).**

The Double Jeopardy Clause prohibits the imposition of multiple trials, multiple convictions, and multiple punishments for the same offense. *See North Carolina v. Pearce*,

395 U.S. 711, 717 (1969), *overruled on other grounds by Alabama v. Smith*, 490 U.S. 794, 802 (1989). Clearly, if charged in the United States, double jeopardy principles would prohibit the Government from obtaining convictions for both the abduction of a person under fourteen years of age charge and the unlawful confinement charge.[5] The Petitioner requests the Court to recognize that there are circumstances where it is appropriate to refuse to extradite a United States citizen in light of concerns that a foreign jurisdiction will impose multiple punishments for conduct that would only be punished one time in this country. The Petitioner submits that it is appropriate to recommend to the Secretary of State that extradition in this case be limited with the assurance that the Petitioner will be prosecuted and punished for one of the two alleged offenses, but not both.

  **3. The Magistrate Judge applied an improper probable cause standard at the extradition hearing.**

The Extradition Treaty in force between the United States and Canada requires the probable cause determination to be made "according to the laws of the place where the person sought shall be found . . . ." Extradition Treaty, U.S.-Canada, Art. 10, § (1), Dec. 3, 1971, 27 U.S.T. 983. In *In the Matter of the Extradition of Schweidenback*, 3 F. Supp. 2d 113, 115 (D. Mass. 1998), the court held that this language (i.e., the language in the Extradition Treaty in force between the United States and Canada) means that the probable cause standard is that of the *state* in which the accused has been apprehended: "I find it is the state standard of probable cause that is the appropriate one to be applied." Pursuant to

---

[5] For both offenses, the Government relied upon the same federal statute to satisfy the dual criminality requirement (the federal kidnapping statute, 18 U.S.C. § 1201). (*Batchelder 1* Doc 36 - Pgs 4-5).

*Schweidenback*, Florida's standard of probable cause applied to the extradition proceedings in the Petitioner's case. *See also In the Matter of the Extradition of Williams*, 496 F. Supp. 16, 17 (S.D.N.Y. 1979) ("The phrase, 'according to the laws of the place where the person sought shall be found,' refers to state law, in this case the laws of the State of New York."). In its extradition order, the Magistrate Judge rejected the holding in *Schweidenback*. (Doc 42 - Pgs 5-6).

Florida Rule of Criminal Procedure 3.133 outlines the procedures for pretrial probable cause determinations. Rule 3.133(a)(3) outlines the standard of proof for a nonadversary probable cause determination:

> Upon presentation of proof, the judge shall determine whether there is probable cause for detaining the arrested person pending further proceedings. The defendant need not be present. In determining probable cause to detain the defendant, the judge shall apply the standard for issuance of an arrest warrant, and the finding may be based on sworn complaint, affidavit, deposition under oath, or, if necessary, on testimony under oath properly recorded.

In contrast, rule 3.133(b) outlines the standard of proof for an adversary probable cause determination. Unlike rule 3.133(a), rule 3.133(b) does not permit the state to rely wholly on a complaint (even if sworn), on another affidavit, or on any other evidence inadmissible at trial. Rule 3.133(b)(3) provides instead that all witnesses shall be examined in the presence of the defendant and may be cross-examined. Rule 3.133(b)(5) provides that the judge shall cause the defendant to be held to answer to the circuit court, only if it appears to the judge "from the evidence" that there is probable cause to believe that the defendant has committed the offense. In *Evans v. Seagraves*, 922 So. 2d 318, 319 (Fla. 1st DCA 2006), the

Florida First District Court of Appeal held that "hearsay testimony (not falling within some exception to the rule excluding hearsay) does not, by itself, meet the state's burden at an adversary preliminary hearing under [rule] 3.133(b)."

The Petitioner submits that the extradition hearing in his case was akin to the adversary probable cause determination outlined in rule 3.133(b).[6] Therefore, pursuant to state law, the Government could not meet its "probable cause" burden in the instant case based on hearsay evidence alone. *Cf. Schweidenback*, 3 F. Supp. 2d at 117 ("[T]he laws of Rhode Island are more favorably disposed to the government by allowing the use of hearsay and inadmissible evidence while the laws of the Commonwealth [of Massachusetts] require the government to present a more formal showing."). Yet, at the Petitioner's extradition hearing, Magistrate Judge Sherrill allowed the Government to meet its burden of proof based solely on hearsay testimony – no live witnesses testified at the hearing. The Petitioner submits that had the proper standard been applied, the Government would not have been able to meet its burden.

WHEREFORE, for the above stated reasons, Petitioner respectfully objects to the Report and Recommendation and requests that the petition for writ of habeas corpus be granted.

---

[6] Notably, rule 3.133(a) would allow the nonadversarial preliminary hearing to be held in the defendant's absence, and clearly the Petitioner had a right to be present at the extradition hearing in the instant case.

## CERTIFICATE OF SERVICE

Undersigned counsel hereby certifies that on November 5, 2007, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification to:

    Assistant United States Attorney E. Bryan Wilson
    111 North Adams Street, Suite 400
    Tallahassee, Florida 32301

      /s/ Michael Ufferman
    MICHAEL UFFERMAN
    Michael Ufferman Law Firm, P.A.
    2022-1 Raymond Diehl Road
    Tallahassee, Florida 32308
    (850) 386-2345/fax (850) 224-2340
    FL Bar No. 114227
    ufferman@uffermanlaw.com

    Counsel for Mr. **BATCHELDER**

xc:    Steven Lee Batchelder