IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

STEVEN LEE BATCHELDER,

    Petitioner,

vs.                                    Case No.:4:07cv330 SPM/AK

ALBERTO GONZALEZ, Attorney
General,United States of America, and
CONDOLEEZZA RICE, Secretary of
State, United States of America,

    Respondents.
_____/

## ORDER ADOPTING MAGISTRATE'S REPORT AND RECOMMENDATION

**THIS CAUSE** comes before the Court upon the Magistrate Judge's Report and Recommendation (doc. 16). The parties have been furnished a copy and have been afforded an opportunity to file objections. Petitioner has filed objections (doc. 17) to the Report and Recommendation.

Pursuant to Title 28, United States Code, Section 636(b)(1), I have made a *de novo* determination of those portions to which an objection has been made. Petitioner's first objection is that Magistrate Judge William Sherrill did not sufficiently prove that Defendant's behavior constituted lewd and lascivious conduct. Petitioner attempts to distinguish between his case and the case used by the Magistrate Judge Allan Kornblum to support his conclusion that

Petitioner's behavior was lewd and lasivious, <u>Method v. State</u>, 920 So. 2d 141 (Fla. 4th DCA 2006).  Petitioner states that asking a child to give him a kiss on the cheek is far different from rubbing a child's back underneath her clothing, as was done in <u>Method</u>, and therefore could not constitute lewd and lascivious behavior.  However, <u>Method</u> was properly used by Magistrate Judge Kornblum to determine how to evaluate behavior that may otherwise be considered innocent. The court in <u>Method</u> stated that conduct that otherwise may be "purely innocent" may be "lewd and lascivious if accompanied by the requisite improper intent". Petitioner's intent was assessed in the context of other behavior with the girl–driving her to a dead end road, grabbing her wrist and locking her car door. Magistrate Judge Sherrill could have reasonably determined that the otherwise innocent behavior of asking for a kiss on the cheek was actually "lewd and lascivious" conduct. In the Report and Recommendation, Magistrate Judge Kornblum properly used the <u>Method</u> as guidance in interpreting Petitioner's behavior.

Petitioner's second objection was that this Court should refuse extradition because Canada will impose multiple punishments for conduct that would only be charged once in this country.  Petitioner further requests that this Court recommend to the Secretary of State that Petitioner not be punished for both of the two alleged offenses–abduction and unlawful confinement.  The Magistrate Judge properly explained that <u>Neely v. Henkerl</u> made it clear that this Court has no authority to demand that Canada apply the provisions of the United States Constitution. 180 U.S. 109 (1901).  Furthermore, because the rules of Extradition

are established by the Secretary of State, it is inappropriate for this Court to recommend any limitation on Petitioner's extradition. Martin v. Warden, Atlanta Pen, 993 F.2d 824, 829 (11th Cir. 1993) ("The Secretary of State conducts an independent review of the case to determine whether to issue a warrant of surrender. The Secretary exercises broad discretion and may properly consider myriad factors affecting both the individual defendant as well as foreign relations which an extradition magistrate may not. The Secretary of State's decision is not generally reviewable by the courts.")

Lastly, with regard to the probable cause standard, the Magistrate Judge properly applied Florida's probable cause standard requiring a reasonable basis to believe the charges against the accused. Afanasjev v. Hurlburt, 418 F.3d 1159, 1165 (11th Cir. 2005). The evidence heard by the Magistrate Judge at the extradition hearing was sufficient to satisfy this standard. Furthermore, contrary to his claims to the contrary, Petitioner's extradition hearing was not akin to the adversary probable cause determination outlined in Florida Criminal Procedure Rule 3.133. An extradition hearing "clearly is not a criminal proceeding." Martin v. Warden, Atlanta Pen, 993 F.2d 824, 828 (11th Cir. 1993). "Rather, the judiciary serves an independent review function delegated to it by the Executive and defined by statute." Petitioner's hearing was properly governed according to that authority.

Accordingly, It is **ORDERED AND ADJUDGED** as follows:

1. The Magistrate Judge's Report and Recommendation (doc. 17) is adopted and incorporated by reference in this order.

2.  The petition for writ of habeas corpus is hereby ***denied***

3.  The stay previously entered in <u>United States v. Batchelder</u> (4:06mj136-WCS) is hereby ***lifted***.

**DONE AND ORDERED** this <u>eighteenth</u> day of March, 2008.

*s/ Stephan P. Mickle*

Stephan P. Mickle
United States District Judge